NOTICE

Decision filed 10/03/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 200142-U

NO. 5-20-0142

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 09-CF-596 |
| | ) | |
| RICHARD D. BROWN, | ) | Honorable |
| | ) | Julie K. Katz, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE BOIE delivered the judgment of the court.
Justices Welch and Barberis concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Defendant was not entitled to day-for-day good-conduct credit for time he spent in jail awaiting sentencing. Any argument to the contrary would be frivolous. Accordingly, we grant OSAD leave to withdraw as appellate counsel and affirm the circuit court's order dismissing defendant's petition for a *nunc pro tunc* order.

¶ 2   Defendant, Richard D. Brown, appeals the circuit court's order dismissing his petition for a *nunc pro tunc* order. The defendant's appointed attorney on appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks merit. Accordingly, OSAD has filed a motion to withdraw as defendant's counsel (see *Pennsylvania v. Finley*, 481 U.S. 551 (1987)) along with a supporting brief. OSAD has provided the defendant with a copy of its *Finley* motion and brief. This court has provided him with ample opportunity to file a response, but defendant has not filed anything. Having read OSAD's *Finley* motion and brief, and having

1

examined the record on appeal, we conclude that the instant appeal does indeed lack merit. As there is no potential ground for appeal, we grant OSAD leave to withdraw and affirm the judgment of the circuit court.

¶ 3                                    BACKGROUND

¶ 4    Following a jury trial in 2010, defendant was convicted of armed robbery (720 ILCS 5/18-2(a)(2) (West 2010)). On June 2, 2010, the trial court sentenced defendant to 22 years' imprisonment with credit for presentencing custody from May 27, 2010, to that date.

¶ 5    On February 11, 2020, defendant filed a petition for a *nunc pro tunc* order. The petition argued that defendant should receive "Day-for-Day" good-conduct credit for time spent in the county jail before sentencing and cited section 3 of the County Jail Good Behavior Allowance Act (Act) (730 ILCS 130/3 (West 2010)). The circuit court dismissed the petition finding that defendant had received all day-for-day credit to which he was entitled. The court denied defendant's motion to reconsider and defendant filed a notice of appeal.

¶ 6                                    ANALYSIS

¶ 7    OSAD contends that the circuit court's order was correct for several reasons. We agree.

¶ 8    The phrase "day-for-day" credit is often used to describe the system of mandatory "good conduct credit" provided in section 3-6-3 of the Unified Code of Corrections (Code) (730 ILCS 5/3-6-3 (West 2010)). *People v. Lindsey*, 199 Ill. 2d 460, 477 (2002). Under the day-for-day system, a felon may earn credit for good behavior once he or she begins to serve the prison sentence. *Id.* at 478. This is distinct from the pretrial custody credit prescribed by section 5-4.5-100(b) of the Code, which provides that an offender shall be given credit against his sentence "for time spent in custody as a result of the offense for which the sentence was imposed." 730 ILCS

2

5/5-4.5-100(b) (West 2010). Section 3-6-3 applies only to inmates in the Department of Corrections, not to those in jail awaiting trial. *Lindsey*, 199 Ill. 2d at 478.

¶ 9 The Act, which defendant cited, governs credit for county jail inmates. However, that section applies only to inmates serving " 'a sentence of confinement *in a county jail for a fixed term of imprisonment.*' " (Emphasis in original.) *Id.* at 479 (quoting 730 ILCS 130/3 (West 2000)). Defendant was in the county jail awaiting trial, not serving a fixed-term sentence. Thus, section 3 of the Act does not apply.

¶ 10 The original sentencing order gave defendant credit for time spent in jail awaiting sentencing, and defendant's petition does not appear to dispute the calculation of that credit. He is not entitled to additional "day-for-day" credit for that same time. Therefore, the trial court properly dismissed the petition.

¶ 11                                CONCLUSION

¶ 12 The Act does not allow day-for-day good-conduct credit for defendants in jail awaiting sentencing. Any argument to the contrary would lack merit. Therefore, we grant OSAD's *Finley* motion and affirm the judgment of the circuit court.


¶ 13 Motion granted; judgment affirmed.